# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOAD OF TRUSTEES OF THE TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA; BOARD OF TRUSTEES OF THE TEAMSTERS CONVENTION INDUSTRY TRAINING FUND,<br><br>Plaintiffs,<br><br>v.<br><br>LIGHTNING EXHIBITS, LLC; TAMMY L. LASLEY,<br><br>Defendants. | Case No. 2:16-cv-03032-RFB-PAL<br><br>**<u>ORDER</u>** |

## I.    INTRODUCTION

Before the Court is Defendants' Motion for Summary Judgment (ECF No. 26) and Plaintiffs' Motion for Summary Judgment (ECF No. 27).

## II.    FACTUAL BACKGROUND

**A. Undisputed Facts**

The Court finds the following facts to be undisputed.

<u>American Tradeshow (2007 – 2010)</u>

In April 2007, Franklin Lasley opened American Tradeshow, Inc., a company that exclusively provided installation and dismantle ("I&D") services for tradeshow exhibitors in cities throughout the United States. Franklin Lasley operated and managed American Tradeshow.

Franklin Lasley's daughter-in-law, Tammy Lasley, was an employee of American Tradeshow. She performed administrative tasks and did not engage in sales, operations, or

management. Franklin Lasley's three sons, Brian, Frank, and Michael Lasley, also worked for American Tradeshow in non-managerial roles.

In May 2007, American Tradeshow bound itself to the terms of a Collective Bargaining Agreement, which required certain timely payments to employees' Trust Funds. Plaintiffs allege that American Tradeshow failed to make required payments to the Trust Funds.

In either December 2009 or January 2010, Franklin Lasley shut down American Tradeshow for financial reasons.

Exhibit Design (2010 – 2011)

Franklin Lasley opened Exhibit Design & Production, Inc. ("Exhibit Design"). Exhibit Design built tradeshow displays and rented them to exhibitors. As with American Tradeshow, Franklin Lasley owned and operated the business, and Tammy, Brian, Frank, and Michael Lasley worked in roles similar to those they held with American Tradeshow.

Exhibit Design operated out of the same office as American Tradeshow for some time, then moved to a larger facility.

In December 2011, Franklin Lasley shut down Exhibit Design for financial reasons. The company was formally dissolved on June 10, 2013. Franklin Lasley filed for Chapter 7 bankruptcy and received a discharge on April 9, 2014.

Display Technologies (2012 – 2016)

On November 20, 2012, Franklin Lasley's three sons started Display Technologies, which built tradeshow displays for design agencies. Brian, Frank, and Michael Lasley owned the business. Tammy Lasley worked for Display Technologies as a bookkeeper. In August 2013, Franklin Lasley worked approximately 30-40 hours a week in sales for Display Technologies. In February 2015, Franklin Lasley did at least some consultation work for Display Technologies.

Display Technologies purchased vehicles, tools, and equipment formerly belonging to Exhibit Design.

In September 2016, Display Technologies filed for bankruptcy.

Lightning Exhibits (2016 – Present)

In July 2016, Tammy Lasley opened Lightning Exhibits, LLC, a Florida limited liability

company. Lightning Exhibits primarily builds its own displays for tradeshow exhibitors but performs I&D services for its displays in some locations. It is a smaller-scale operation than American Tradeshow was.

Tammy Lasley is the owner of Lightning Exhibits. Brian and Michael Lasley work as freelance contractors for Lightning Exhibits. Frank Lasley (Franklin Lasley's son, Tammy Lasley's husband) is not formally employed by Lightning Exhibits but does at least some work for Lightning Exhibits. Some number of Lightning Exhibit employees outside the Lasley family were also employed by American Tradeshow, Exhibit Design, and Display Technologies.

Lightning Exhibits operates from the same address that American Tradeshow used. However, American Tradeshow owned the building at the time of operation, while Lightning Exhibits leases the space from a third party. Lightning Exhibits purchased some equipment formerly belonging to Display Technologies.

Plaintiffs have already obtained default judgments against Display Technologies and Exhibit Design for alter ego liability. 2:11-cv-01764-LDG-PAL, ECF Nos. 154, 163. At the summary judgment phase in this earlier case, the court determined that genuine issues of triable fact existed. 2:11-cv-01764 ECF No. 135.

### B. Disputed Facts

The parties dispute the extent to which the Lasley family members have operated and managed Display Technologies and Lightning Exhibits as a family business in which they jointly managed daily operations and jointly supervised labor relations.

### III. PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint on December 30, 2016. ECF No. 1. Defendants filed their Answer on February 14, 2017. ECF No. 12. Defendants and Plaintiffs each filed a Motion for Summary Judgment on February 9, 2018. ECF Nos. 26, 27.

On March 23, 2018, in light of Glazing Health & Welfare Fund v. Lamek, 885 F.3d 1197 (9th Cir. 2018), Plaintiffs voluntarily dismissed their claim against Tammy Lasley. ECF Nos. 33, 34. Only their alter ego claim against Defendant Lightning Exhibits remains.

## IV. LEGAL STANDARD

### a. Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (citation and internal quotation marks omitted) (alteration in original).

### b. Alter Ego

The alter-ego doctrine "prevent[s] employers from escaping their collective bargaining obligations by shifting work to non-union firms they also own." UA ALF-CIO v. Nor-Cal Plumbing, 48 F.3d 1465, 1475 (9th Cir. 1994). The two-part alter ego test requires proof that (1) the two firms constitute a "single employer" and (2) the non-union firm is used in a "sham effort to avoid collective bargaining obligations, rather than for the pursuit of legitimate business objectives." Id., 48 F.3d at 1470 (citations omitted).

To determine whether the two firms constitute a single employer, a court examines: (1) common ownership; (2) common management; (3) interrelation of operations; and (4) centralized control of labor relations. Id. at 1471 (citing *NLRB v. Don Burgess Constr. Corp.,* 596 F.2d 378, 384 (9th Cir.)). Not all criteria need to be present and none are controlling, but the "most important factor is centralized control of labor relations, which can be demonstrated . . . by showing common control of day-to-day labor matters." Id. (citations omitted).

/ / /

/ / /

Under the "sham effort" prong of the test, the court looks for "an element of fraud or misrepresentation." A. Dariano & Sons, Inc. v. Dist. Council of Painters No. 33, 869 F.2d 514, 519 (9th Cir. 1989).

## V. DISCUSSION

Genuine issues of material fact remain as to whether Lightning Exhibits is an alter ego of American Tradeshow.

### A. Common Ownership, Common Management, & Centralized Control

It is undisputed that Frank Lasley managed and operated American Tradeshow and that Tammy Lasley manages and operates Lightning Exhibits. But the common ownership, management, and control of a familial unit can constitute a single employer. See, e.g., N.L.R.B. v. Dane Cty. Dairy, 795 F.2d 1313, 1322 (7th Cir. 1986); Goodman Piping Prod., Inc. v. N.L.R.B., 741 F.2d 10, 11–12 (2d Cir. 1984). Construed in favor of Defendants, the facts suggest that Tammy Lasley independently owns and operates Lightning Exhibits, completely devoid of Franklin Lasley's involvement or overlap. But construed in favor of Plaintiffs, the facts suggest that the same cast of family members continue to open and operate sequential businesses, simply rotating which member of the family functions as the owner and operator and which members function as the employees. Therefore, neither party satisfies the summary judgment standard as to these three considerations.

### B. Interrelation of Operations

Defendants present evidence that Lightning Exhibits is a small-scale operation, that it performs very little I&D work, and that it uses different telephone numbers, fax numbers, banks, and payroll companies. But Plaintiffs point to counter-evidence of overlapping employees, equipment, and business locations. Because the record taken as a whole is not dispositive for either party, whether Lightning Exhibits's operations are sufficiently interrelated with American Tradeshow's such that the companies constitute a single employer remains a question for a jury's determination.

**C. Sham Effort**

The question of whether Lightning Exhibits was created in a sham effort to avoid American Tradeshow's ongoing debt obligation is a question of credibility. Lightning Exhibits presents a narrative of four independent entities, each started for legitimate business purposes; Plaintiffs present a narrative of an ongoing scam in which the Lasley family perpetually closes and re-opens their tradeshow exhibition company to evade the debts they accrued in 2007. The undisputed facts could support either narrative.

**IV. CONCLUSION**

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 26) and Plaintiffs' Motion for Summary Judgment (ECF No. 27) are both **DENIED**.

DATED: September 24, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**